KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW M. SCOBLE (CSBN 124940)
ALEXIS HUNTER (NYSBN 3939824)
Assistant United States Attorneys

   450 Golden Gate Ave.
   San Francisco, California 94102
   Telephone: (415) 436-7249
   Fax: (415) 436-7234
   E-Mail:  andrew.scoble@usdoj.gov
             alexis.hunter@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 06-0426 SI |
|     Plaintiff, ) | DETENTION ORDER |
|     v. ) | |
| ALEX WAI SHING FONG, ) | |
|     Defendant. ) | |

This matter came on for detention hearing on October 10, 2006. Defendant Alex Wai Shing Fong appeared in custody with his counsel, Claire Leary. He was assisted by a sworn Cantonese interpreter. The government appeared through Assistant U.S. Attorney Andrew M. Scoble.

Both sides were afforded an opportunity prior to the hearing to review the bail report of the Pretrial Services Agency. The Pretrial Services Agency recommended that the Court require a substantial bond secured by property that is unrelated to any grow operations; it suggested that, in the absence of such a bond, no condition or combination of conditions would reasonably ensure the defendant's continued court appearances as

DETENTION ORDER
[CR 06-0426 SI]

1  required. The Pretrial Services Agency also questioned the fitness of the defendant's
2  parents to serve as sureties, given their possible involvement in marijuana cultivation
3  activities, as explained below. The Court agreed with Pretrial Services for the reasons set
4  forth in its report and those offered by the government, and rejected defendant's proposal
5  that he be released on a bond secured by real property owned by his mother (where an
6  active marijuana cultivation operation was seized on June 27, 2005) and $5,000 cash from
7  his father. This Order supplements the Court's findings announced from the bench and
8  serves as written findings of fact and statement of reasons as required by 18 U.S.C. §
9  3142(i)(1).
10        The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which
11  the Court must consider in determining whether pretrial detention is warranted. These
12  factors are:
13        (1)  the nature and seriousness of the offense charged;
14        (2)  the weight of the evidence against the person;
15        (3)  the history and characteristics of the person including, inter alia, character,
16  employment, family ties, community ties, financial resources, and criminal history; and
17        (4)  the nature and seriousness of the danger to any person or the community that
18  would be posed by the person's release.
19        Defendant Alex Wai Shing Fong is subject to a rebuttable presumption of
20  detention under 18 U.S.C. § 3142(e), in that a federal grand jury has indicted him for
21  conspiring with Vince Ming Wan and others, from approximately July 5, 2002 through
22  June 27, 2005, to traffic in one thousand or more marijuana plants, in violation of 21
23  U.S.C. § 846. The grand jury has also charged the defendant with maintaining premises
24  for cultivating and distributing marijuana, and cultivating and possessing marijuana with
25  intent to distribute it, in connection with four specific alleged marijuana grow sites,
26  during various periods between approximately July 16, 2003 and June 27, 2005.
27        With regard to the first factor, the nature and seriousness of the offenses charged,
28  as is noted above, a federal grand jury has indicted the defendant with a serious drug
conspiracy, for a violation of 21 U.S.C. § 846. This is a grave charge, and carries a

DETENTION ORDER
[CR 06-0426 SI]      2

1  mandatory minimum sentence of ten years' imprisonment, with a possible maximum of
2  life imprisonment.
3     Turning to the second factor, the weight of the evidence, this is the least important
4  of the factors, and the bail statute neither requires nor permits a pretrial determination of
5  guilt.  United States v. Gebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991).  The government
6  proffered that the defendant is charged, in addition to the marijuana cultivation
7  conspiracy, in connection with cultivation of marijuana at four different premises, with at
8  least three of these occurring during the period when the defendant was free on bail in
9  connection with state marijuana charges (based on two grow sites that are distinct from
10 these three charged grow sites).
11    Concerning the history and characteristics of the defendant, and the nature and
12 seriousness of the danger posed by the defendant's release, the Court agrees with the
13 conclusion of the Pretrial Services Agency that the defendant poses a risk of flight for the
14 following reasons.  He is a citizen of Hong Kong (China), and although he has lived in
15 this District for some 15 years and his parents and significant other live here as well, he
16 has traveled frequently to Hong Kong in the past and has even moved back there twice
17 from this District.  Moreover, he has ongoing strong ties to Hong Kong, in the form of his
18 sister and his young daughter (who lives with his sister).  Further, he has traveled to
19 Canada several times during his stay in this District, and once to Thailand.
20    As the Pretrial Services report notes, the defendant's work history is unconfirmed.
21 He was arrested in May 2003 near the site of a marijuana cultivation operations (which
22 became the subject of state charges), and found to have more than $10,000 in cash hidden
23 inside his pants.  This suggests that he may have access to large sums of cash.  The
24 defendant's father was arrested along with the defendant in that same vehicle, and found
25 to have nearly $1,000 in cash on his person.  The defendant's mother was on the lease for
26 the house in question – which was found to house only a marijuana grow operation, and
27 not to be used as a residence.
28    As the Pretrial Services report also indicates, the defendant, should he be convicted
   of the charges in this case, will likely face deportation.  The Pretrial Services Agency and

DETENTION ORDER
[CR 06-0426 SI]                          3

the government both expressed doubt as to the fitness of the defendant's parents to serve as sureties. The father was arrested (although not, apparently, charged) at the San Leandro marijuana cultivation operation described above. However, he reported to the Pretrial Services Agency that he had never been arrested. The mother was perhaps involved in the marijuana growing operations, including the San Leandro operation (where she was on the lease) and a grow operation seized pursuant to a state search warrant on June 27, 2005 at 1402 East 21st Street in Oakland, which is property owned by the defendant's mother and where the defendant's father reportedly now lives. The government has pointed out, further, that the residence in Alameda where the defendant and his father have reported that they previously lived, is a property owned by co-defendant Vince Ming Wan and his former wife.

As to danger to the community, the Pretrial Services Agency reported its concern that the defendant is a convicted drug felon with a number of law enforcement contacts on his record, most troubling of which it found to be his three prior arrests and one conviction for driving under the influence. The government added that the record appears to support a conclusion that the defendant has supported himself over the years through cultivating and distributing marijuana. Nonetheless, the Pretrial Services Agency expressed its belief that this factor, danger to the community, could be addressed by appropriate conditions of release.

The Court is troubled by a number of the points described above, including the fact that the defendant has been indicted for alleged marijuana cultivation during the period when he was released on bail in his state case. The Court has considered, and rejected, the defendant's proposal that he be released on bond secured by the piece of real property owned by his mother (which, as noted above, was found in June 2005 to house a marijuana cultivation operation with which the defendant is now charged) and by $5,000 cash offered by his father. The Court notes that the government has expressed its willingness to consider a bond signed by appropriate sureties and secured by untainted property. The Court finds that the record establishes by a preponderance of the evidence that the defendant poses a risk of flight, and the Court agrees with the Pretrial Services

DETENTION ORDER
[CR 06-0426 SI]                4

Agency that a substantial bond – with security untainted by any connection to marijuana cultivation – is warranted to ensure his continued court appearances. Should the defendant put together a bail package which addresses the Court's concerns, the Court will entertain his release on appropriate conditions.

Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1)  The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3)  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: October 11, 2006

*Elizabeth D. Laporte*
HON. ELIZABETH D. LAPORTE
United States Magistrate Judge