Claire M. Leary
912 Cole Street, Suite 347
San Francisco, California 94117
(415) 225-4640
Fax (510) 351-1636
Attorney for Defendant Alex Wai Shing Fong

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-426 SI |
| | ) | Defendant Fong's |
| Plaintiff, | ) | Motion to Review |
| vs. | ) | Detention Order |
| | ) | |
| Vince Wan, Alex Wai Shing Fong, et al., | ) | November 21, 2006 |
| | ) | 3:30 pm |
| Defendants. | ) | |

## Introduction

Defendant Alex Wai Shing Fong moves to revoke the detention order entered against him by Magistrate Judge Laporte on October 11, 2006, because he is not a flight risk and does not have real property to secure a large bond. Mr. Fong was charged in state court with cultivation of the marijuana that is part of the alleged conspiracy for which he is now indicted in this court. In May 2003 he bailed out on those state charges. He made all state court appearances, pleaded guilty, and then, in October 2005, two years and five months later, turned himself in to serve two years in state prison for being an accessory after the fact. He could have fled then, and he did not. He will not flee now, even though the Government now, unfairly, charges him again with the same crime.

All the codefendants in this case are on pretrial release. Mr. Fong is not on the wiretap whose legality his codefendants will rightly want to spend years litigating. Fairness and Mr. Fong's proven track record, dictate that he too be released pretrial.

Facts and Findings Below

Mr. Fong is a citizen of Hong Kong who came to Bay Area more than 15 years ago. His Mother, Father, and significant other live here. In May 2003 Mr. Fong was charged in state court with the cultivation of marijuana. He bailed out on those charges, appeared in court, and then entered a plea to being an accessory after the fact. Mr. Fong agreed to a state prison sentence because he understood that the accessory after the fact charge would permit him to stay here and to maintain his legal permanent resident status. He has been in custody since October 2005, when he turned himself in to serve the prison sentence. He completed that state sentence on October 27, 2006, and is now in custody pretrial on the instant federal indictment. It charges a conspiracy to traffic in one thousand or more marijuana plants, from July 5, 20002, through June 27, 2005, in violation of 21 U.S.C. § 846. The indictment also charges Mr. Fong with maintaining premises for cultivating marijuana and possessing marijuana and possessing marijuana with intent to distribute it.

Mr. Fong's codefendants are not in custody. This case involves a wiretap, in which Mr. Fong's voice is not recorded. There are more than 70,000 discovery documents, and the defendants are still in the process of obtaining, organizing, and duplicating the discovery.

A detention hearing was held on October 10, 2006, and the next day Magistrate Judge Laporte entered an order detaining Mr. Fong. Pretrial Services prepared a report which recommended that the Court require a substantial bond secured by property that is unrelated to any grow operations and suggested that without that bond no conditions or combinations of conditions would reasonably ensure Mr. Fong's appearance. At the

hearing Mr. Fong offered that he could post his mother's property. This was rejected by the Court, because the Government argued that the property was associated with marijuana growing. Mr. Fong's father offered to post $5,000 cash in addition to the property. The Magistrate found that "the record establishes by a preponderance of the evidence that the defendant poses a risk of flight, and the Court agrees with the Pretrial Services Agency that a substantial bond – with security untainted by any connection to marijuana cultivation – is warranted to ensure his continued court appearances. Should the defendant put together a bail package which addresses the Court's concerns, the Court will entertain his release on appropriate conditions." Fong Detention Order at 4-5.

Since the entry of the Order Mr. Fong's mother has offered to post $30,000, and a cousin has offered to post a car whose value is $40,000. Pretrial Services has considered these assets and has deemed them insufficient.

### Argument

**I. Mr. Fong has adequately rebutted any presumption Of flight risk because when charged in state court with actions that are part of the conspiracy charged here, Mr. Fong paid $7,800, to bail out, made his court appearances, and the turned himself in to Serve a two-year prison sentence.**

**A. Mr. Fong subjected himself to a more severe state prison sentence so that he would not be deported and in order to maintain his legal permanent residence, and this demonstrates that he is not a flight risk.** This court should find that Mr. Fong

is not a flight risk because before it is ample, uncontroverted evidence that he has already turned himself in to be punished for growing the marijuana which the Government claims is part of the conspiracy charged here. In May 2003 Mr. Fong was charged, in Alameda County, with cultivation of marijuana at Diamond Court in San Leandro. He bailed out by posting a $28,000 bond. During the search of that address, police found documentation which led the County to charge Mr. Fong with two other grows in Oakland: one at 17th Street, and one at 24th Avenue. When these new charges were brought a couple days after the arrest, bail was raised by $50,000. Mr. Fong made that bail too, which means that in all he paid, and lost, $7,800 to a bail bondsman. Mr. Fong then made all of his court appearances.

    Mr. Fong was out on bail for two years and five months. He is a citizen of Hong Kong, and could have left the United States at any time and returned to his homeland. Instead he went to court and negotiated a deal. The purpose of the deal was to allow him to stay in the United States and to keep his green card. His understanding was that by pleading to accessory after the fact he would receive a two-year state prison sentence, but would not be deported. He could have pleaded guilty to a drug felony which would have resulted in less time in custody, and a possibility of halfway house sentence. He would, however, have been deported after serving the halfway house sentence.

    Mr. Fong chose to go to state prison because it would allow him to stay in the United States. The Magistrate's assessment that he is a flight risk, and that he will return to Hong Kong is simply incorrect.

**B. Mr. Fong does not have access to large amounts of cash to flee, and even if he had such money in the past he did not use it, and instead turned himself in.** The detention order points out that Mr. Fong had more than $10,000 in cash on his person at the time of his arrest on the state charges. It reasons that this suggests that he may have access to large sums of cash. Order at 3. If Mr. Fong had cash prior to serving the state prison sentence he could have used it to flee. He did not flee, and as pointed out above, turned himself in to serve the state prison sentence. A large amount of money was paid to the bail bondsmen in the state proceedings, and that money is not recoverable. Mr. Fong has been in custody since October 2005, and there is no indication that he has a cache of funds to use to flee. Mr. Fong does not have the money to flee. He did not flee in the past.

C. **Mr. Fong has significant ties to this community.** The order recognizes that Mr. Fong has ties to this community, Order at 3, but asserts that he has strong ties to Hong Kong as well because his sister and daughter live there. Id. Mr. Fong's wife, from whom he is estranged, traveled to Hong Kong with his daughter. The mother has since abandoned the girl, and so she lives with Mr. Fong's sister. It is his desire to bring his daughter to United States, but he has been unable to do this because he has been in custody. It is his desire to stay in this country, and to bring his daughter to live with him.

C. **Mr. Fong's Parents are suitable sureties whose signatures will more than secure his appearance in court.** The order also complains that Mr. Fong's relatives are not suitable sureties. It relates that Mr. Fong's father was arrested along with Mr. Fong when this case was in state court. The Government asserts that Mr. Fong's

father was arrested and then released. No charges were ever brought against him. The Government does not claim that Mr. Fong's father has any record of criminal history. He does not speak English. Counsel was not present when Pretrial Services interviewed Mr. Fong's father but it seems extremely likely that there was confusion about the difference between an arrest and a conviction. Mr. Fong's father has offered to sign as a surety and to post $5,000 cash. There is nothing inappropriate about him acting as surety.

Mr. Fong's mother has also offered to support her son. The Government contends that the property she offered for bail was used to grow marijuana. It should be noted that neither of Mr. Fong's parents has been charged with criminal activity. Mrs. Fong, in response to the Government's claim that the property is tainted has offered to post $30,000, in cash. Neither Mr. Fong, nor his parents, has other assets to offer. a Cousin has offered to post a car valued at $40,000. Pretrial Services indicates that these offers do not change its recommendation. To reject the assets he has proffered amounts to detaining him because he is not wealthy.

The Bail Reform Act requires the release of a person pretrial under the least restrictive condition or combination of conditions that will reasonable assure his appearance and the community's safety. 18 U.S.C. section 3142©)(2); <u>United States v. Motamedi</u>, 767 F.2d 1403, 1405 (9th Cir. 1985). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. <u>United States v. Gebro</u>, 948 F.2d 1118, 1121 (9th Cir. 1991)(citing <u>Motamedi</u>, 767 F.2d at 1405). Mr. Fong asks that he be released on reasonable conditions: his parents should be permitted to serve as sureties posting $30,000 cash, and his cousin should be permitted to post the car which is worth $40,000. These will

more than assure his appearance.

## II.. Mr. Fong is not a danger to the community

The Magistrate did not find that Mr. Fong is a danger to the community. Her decision is based on flight risk. The court's order points out that it was troubled because "the defendant has been indicted for alleged marijuana cultivation during the period when he was released on bail in his state case." Order at 4. This is only a charge. Mr. Fong has not been convicted of these new charges. Further, Pretrial Services did not find that Mr. Fong is a danger to the community. It expressed concern about a drunk driving conviction, but reasoned that conditions should be fashioned regarding that problem. Mr. Fong poses no danger and should be released.

## Conclusion

For the foregoing reasons Mr. Fong requests that this Court order that he be released pretrial on the conditions set forth above.

Respectfully submitted,

Dated: November 7, 2006 /s/

CLAIRE M. LEARY

Counsel for Defendant Fong

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing Defendant Fong's Motion for Review of Detention Order was served electronically and be placing it in the United States Mail this date with postage affixed and addressed to:

> Andrew Scoble
> Assistant United States Attorney
> 11th Floor
> 450 Golden Gate Avenue
> San Francisco   CA   94102

Dated: November 7, 2006            __/s/_____

                                                                          Claire Leary