Claire M. Leary
912 Cole Street, Suite 347
San Francisco, California  94117
(415) 225-4640
Fax (510) 351-1636
Attorney for Defendant Alex Wai Shing Fong

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-426 SI |
| | ) | Defendant Fong's Reply |
| Plaintiff, | ) | to Government's Opposition |
| | ) | To Defendant Fong's Motion |
| vs. | ) | To Review Detention Order |
| | ) | |
| Vince Wan,   Alex Wai Shing Fong, et al., | ) | November 21, 2006 |
| | ) | 3:30 pm |
| Defendants. | ) | |

      Defendant Fong hereby replies to the Government's Opposition to his motion to review the detention order.

      Magistrate LaPorte did not find, and Mr. Fong is not, a danger to the community.  The Government repeatedly states that Mr. Fong was indicted for marijuana growing while he was out on bail for the state charges to which he pleaded guilty and for which he has served a sentence.  This misconstrues the facts.  Mr. Fong bailed out on the state charges in May 2003.  He remained out on bail until October 20, 2005, when he began serving the two-year state court sentence.   Mr. Fong was indicted in this instant matter on June 15, 2006, when he was serving the state sentence.  The Government maintains that Mr. Fong is a flight risk based on the current indictment.  Gov. Opp. At 7.  It cites for this assertion the statute governing the revocation of federal bail for defendants found to have committed new offenses.  Gov. Opp. at 7 (citing 18 U.S.C. section 3148).

Mr. Fong was not out on bail on a federal charge when a new charge was brought against him. He has been in custody since October 2005. The Government chose to obtain an indictment in June 2006 against him, but it is not evidence of new criminal conduct. It is a probable cause finding by a grand jury, just as the grand jury finds probable cause in all criminal cases. It is not evidence of flight as the Government claims.

Further, the allegations about cash held by Mr. Fong or Mr. Fong's parents are also events occurring in 2003, they do not demonstrate current access to large amounts of money. Again, Mr. Fong has been in custody for over one year, and he does not have large sums of money with which to flee.

The Government makes light of Mr. Fong's surrender to serve a prison sentence. The sentence was agreed upon because, though lengthier and in a far harsher environment than a halfway house, it would avoid Mr. Fong's deportation. That Mr. Fong bargained lenity away to protect his immigration status, and then made good on his promise to turn himself in, is the most compelling evidence he can offer to show that he is not a flight risk.

Conclusion

Mr. Fong respectfully requests that he be released pursuant to the posting of $30,000 and the signing over of the title to his cousin's car, which is worth $40,000.

Dated: November 15, 2006                Respectfully submitted,


/s/_____
CLAIRE LEARY
Counsel for Defendant FONG

Certificate of Service

The undersigned hereby certifies that a copy of the foregoing Defendant Fong's Reply to the Government's Opposition to Defendant's Motion for Review of Detention Order was served electronically and by placing it in the United States Mail this date with postage affixed and addressed to:

    Andrew Scoble
    Assistant United States Attorney
    11th Floor
    450 Golden Gate Avenue
    San Francisco  CA  94102

Dated: November 15, 2006                      __/s/_____

                                                               Claire Leary