STEVEN G. KALAR
Federal Public Defender
BRANDON M. LEBLANC
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700
Brandon_LeBlanc@fd.org

Counsel for Defendant Alex Wai Shing Fong

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALEX WAI SHING FONG, ) <br> ) <br> Defendant. ) <br> ) | Case No.: O6CR-426 SI <br><br> MR. FONG'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE <br><br> Honorable Susan Illston <br> June 28, 2013 <br> 11:00 a.m. |

PLEASE TAKE NOTICE that the defendant Alex Wai Shing Fong hereby moves for the early termination of his remaining term of supervised release. At present, Mr. Fong has completed nearly forty (40) months of his forty-eight (48) month term of supervised release. During that time Mr. Fong has complied with the conditions of his release and demonstrated that he is a strong candidate for early termination under the criteria established by the United States Probation Office. For these reasons and more set forth herein, Mr. Fong respectfully makes this request. This motion is based on section 3583(e)(1) of Title 18 of the United States Code and the following points and authorities.

//

//

//

*United States v. Fong*, 06CR0426 SI
DEF. MOT. EARLY TERM.
SUPERVISED RELEASE

# BACKGROUND

In the instant matter, in 2009, Alex Wai Shing Fong pleaded guilty pursuant to a plea agreement to three counts of maintaining a place for the cultivation and distribution of marijuana, in violation of 21 U.S.C.§ 856(1)(a), one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D), and two counts of cultivation and possession with intent to distribute one hundred or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii). Thereafter, on February 12, 2010, this Court sentenced Mr. Fong to a time-served sentence and forty-eight (48) months of supervised release.[1] *See* Docket Entry No. 316.

Mr. Fong has now completed forty (40) months, or **83%**, of his supervised release term and while on supervised release, has broadly complied with the terms and conditions of his supervised release – except the condition requiring him to find and maintain gainful employment. However, Mr. Fong is unable to comply with this condition because his immigration status no longer permits him to lawfully work in the United States.

To explain, following his conviction – and subsequent release from custody in the instant matter – Mr. Fong was placed into removal proceedings, where he remained in immigration custody for upwards of a year. The resolution of such proceedings was that Mr. Fong, who was a legal permanent resident ("LPR") before he was convicted in the instant matter, lost his LPR status and an order of deportation and removal was issued against him. However, when the United States subsequently sought to remove Mr. Fong to his native Hong Kong, the People's Republic of China refused to permit him to return to Hong Kong. Consequently, for the past several years, with the United States government unable to deport him Hong Kong or China, Mr. Fong has remained in the United States, no longer an LPR and also without any status that permits him to lawfully work in this country. In other words, he's forcibly unemployed by virtue of his immigration status, or lack thereof. And faced with this dilemma, Mr. Fong has, in order to financially survive for the past several years, relied on his significant other, Suzanna, or, resorted to trying to earn money through playing poker at the casinos in the area.

---

[1] At the time this Court sentenced Mr. Fong, on information and belief, he had already spent approximately thirty-nine (39) months in federal custody since his arrest in this matter.

Of course, this difficulty is further exacerbated by the continuing requirements of Mr. Fong's supervised release. At one point, he was offered the opportunity as a driver in and around the Bay Area. But that job, which was going to at least provide some consistent, stable, albeit minimal earnings, was subsequently denied to him as well *once he shared* that he was on supervised release.

Although Suzanna's earnings and Mr. Fong's occasional poker winnings were enough for the couple to stay afloat for the past couple of years, the arrival of their newborn daughter has completely upended their financial stability. Suzanna recently gave birth to their newborn child last month in May 2013 and her employment at a local department store does not provide enough money to care for the entire family. As such, with the arrival of their newborn and the attending costs of becoming new parents, Mr. Fong obviously needs to be put in the best position possible so as to contribute to his family's financial well-being. Given his changed family circumstances, positive track record of compliance with the terms of his supervised release for the past forty (40) months and the serious need for Mr. Fong to be put in the best position possible to be able to potentially contribute to the financial needs of his family, Mr. Fong respectfully moves this Court for an order granting early termination of his remaining time of supervised release.

## DISCUSSION

Pursuant to Title 18 United States Code section 3583(e), this Court has the authority to grant early termination of a previously imposed term of supervised release. Section 3583(e)(1) provides:

> (e) Modification of conditions or revocation.– The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. § 3583(e)(1); *see also* Fed. R. Crim. Procedure 32.1(c)(1), (2)(B) & (C) (providing for hearings for modifications of supervised release, unless the result is favorable to the person supervised and the government does not object after notice).

As noted by the Ninth Circuit in *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000),

the authority to terminate or modify supervised release permits a district court to account for new or unforeseen circumstances. "Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)).

In addition, the national policy of the United States Probation Office itself is in favor of early termination for low risk offenders. According to *The Supervision of Federal Offenders, Monograph 109*, the relevant portion attached hereto as Exhibit A, indicates that after eighteen (18) months of supervision, "there is a presumption in favor of recommending early termination for probationers and supervised releasees," if they are not career violent and/or drug offenders, have no identified risk to the public, and are free from moderate or high severity violations. *Early Termination Monograph 109*, § 380.10(b) (2010); *id.* at § 380.10(e)(1) (citing 28 U.S.C. § 994(h)).[2]

Moreover, last year, well before the increased budget constraints brought on federal sequestration, United States District Judge Robert Holmes Bell, Chair of the Judicial Conference Committee on Criminal Law, issued a memorandum directed to all district court and magistrate judges entitled *Cost-Containment Strategies Related to Probation and Pretrial Services Offices*, the relevant part attached hereto as Exhibit B. The memorandum addresses the "imperative," in light of increasing budget constraints, that the courts "align [their] resources effectively to address those cases that are more complex and pose the greatest risk to community safety, while reducing expenditures in less complex and lower risk cases when it is prudent to do so." *Id.* The memorandum further advocates for the early termination of supervised release according to listed factors, such as whether the defendant is reintegrating into a stable community; avoiding alcohol and drug abuse; making progressive strides toward supervision objections and complying with all conditions of supervision.

Based on pertinent § 3553 factors, and the factors listed by District Judge Bell, Mr. Fong is

---

[2] Mr. Fong is not a "career violent and/or drug offender" within the meaning of 28 U.S.C. § 994(h); that is, he does not have at least two prior convictions for crimes of violence nor violations of the Controlled Substances Act. *See* 28 U.S.C. § 994(h)(2).

a compelling candidate for early termination of his supervised release. To address Judge Bell's nine criteria in order:

- **"1. Stable community reintegration (e.g., residence, family, employment)."** Mr. Fong, who was born in Hong Kong, lives near his parents in the Bay Area with his partner of more than eight years. His partner, Xiao Mei "Suzanna" Mo, gave birth to their first child in May. Mr. Fong's immigration status, as discussed above, has made it difficult for him to find work, and he is required to check-in with the Department of Homeland Security every other month for an update, if any, regarding a potential change in his status. Meanwhile, because he is unable to lawfully work in the United States, he has been compelled to support himself and his family through casino poker. *See* Exhibit C: *W-2G tax form*. If there Court were to terminate his remaining term of probation, he might *at least* be hired in to a position of informal day labor, like the aforementioned job opportunity of being a driver, which he was originally offered, but later denied due to being on supervised release.
- **"2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision."** Mr. Fong has complied with all of the conditions of his supervision. The lone exception is his employment status as discussed above and Mr. Fong has done his best to work around that and provide what support he can to his family. And the only reason that Mr. Fong is now requesting that the Court terminate his remaining eight months of supervision is to put him in a slightly better position, or to eliminate one additional hurdle, to gaining some form of stable employment, at a time when Suzanna and his newborn child desperately need his financial assistance.
- 3. Mr. Fong had **"[n]o aggravated role in the offense of conviction."**
- 4. Mr. Fong has **"[n]o history of violence."**
- 5. Mr. Fong has **"[n]o recent arrests or convictions . . . or ongoing, uninterrupted patterns of criminal conduct."**
- 6. Mr. Fong has **"[n]o recent evidence of alcohol or drug abuse."**
- 7. Mr. Fong has had **"[n]o recent psychiatric episodes."**
- 8. Mr. Fong poses **"[n]o identifiable risk to the safety of any identifiable victim"**
- 9. Mr. Fong poses **"[n]o identifiable risk to public safety."**

Taken collectively, the continued supervision of Mr. Fong is not necessary to "protect the public from further crimes," nor would it serve any other meaningful objective at all. *See* § 3553(a)(2)(c). More than that, it is a waste of government resources, at a time when the governmental resources especially need to be conserved and/or efficiently spent.

## CONCLUSION

In summary, Mr. Fong has completed forty (40) months, or **83%**, of his forty-eight (48) month term of supervised release. In that time, he has maintained a stable residence with his long-term significant other Suzanna. He has had no new legal troubles, no problems with drugs or alcohol, and has demonstrated that he poses no danger to society nor to any individual. His original offense involved no violence and he has shown no signs of violence nor other concerning behaviors. He has made every effort to comply with the terms of his supervised release and, with the exception of the employment difficulties presented by his immigration and probation status, he has succeeded.

Importantly, Mr. Fong's family has recently expanded and correspondingly, so have his personal obligations. Terminating Mr. Fong's term of supervised release would further his ability to reintegrate into the community and find much-needed stable employment. Because the 3553(a)(1) factors heavily militate in favor of early termination, Mr. Fong respectfully requests that the Court grant his motion and terminate his remaining term of supervised release.

Dated: June 10, 2013                                       Respectfully submitted,

                                                                                    STEVEN G. KALAR
                                                                                     Federal Public Defender

                                                                                     /s
                                                                                     BRANDON LEBLANC
                                                                                     Assistant Federal Public Defender