# Exhibit A

MR. FONG'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE

# Guide to Judiciary Policy

Vol 8: Probation and Pretrial Services
Part E: Supervision of Federal Offenders (Monograph 109)

## Ch 3: Supervision Assessment and Planning Process

§ 310 Overview
§ 310.10 Principles
§ 310.20 Process

§ 320 Initial Assessment
§ 320.10 Timing and Duration
§ 320.20 Investigation Activities
§ 320.30 Gather and Review Written Background Information
§ 320.40 Interview the Offender
§ 320.50 Inspect Residence, Visit Work Sites, and Interview Collateral Sources

§ 330 Re-Entry Planning Activities for Incarcerated Offenders
§ 330.10 Investigate the Release Plan
§ 330.20 Approve, Modify, or Disapprove the Release Plan
§ 330.30 Assist with Re-Entry Services for Prisoners in Prerelease Custody

§ 340 Supervision Planning Activities
§ 340.10 Conduct an Orientation Interview with the Offender
§ 340.20 Conduct a Home Inspection
§ 340.30 Continue to Develop Collateral Sources

§ 350 Assessing Risks, Risk-Related Needs and Strengths
§ 350.10 Risks and Risk-Related Needs
§ 350.20 Strengths
§ 350.30 Follow-Up Interview with the Offender

§ 360 Preparing the Initial Supervision Plan
§ 360.10 Record the Results of the Assessment
§ 360.20 Prioritize Supervision Issues
§ 360.30 Develop Targeted Offender Supervision Objectives
§ 360.40 Identify Obstacles to Achieving Objectives
§ 360.50 Develop Supervision Strategies
§ 360.60 Finalize the Plan

§ 370 Supervision Plan Implementation and Evaluation
§ 370.10 Implementation

*Last substantive revision (Transmittal GR-14) December 22, 2009*
*Last revised (minor technical changes) December 16, 2010*

§ 370.20 Evaluation

§ 380 The Transition Off Supervision
    § 380.10 Early Termination
    § 380.20 Case Closing Activities

Appendices

Appx 3A Procedures for Infractions and Class B or C Misdemeanors, Offenders Received as Inactive, and Courtesy Supervision Cases
Appx 3B Activity List

## § 310 Overview

### § 310.10 Principles

(a)   The purpose of supervision planning is to create an evolving, individualized outcome-based plan of action to monitor compliance with the conditions of release and intervene as necessary to address any identified risks. The goal in all cases is the successful completion of the term of supervision, during which the offender commits no new crimes; is held accountable for victim, family, community, and other court-ordered responsibilities; and prepares for continued success through improvements in his or her conduct and condition.

(b)   Not all offenders require the same level of supervision to reach this goal. It is the officer's job to distinguish among them and to implement supervision strategies that are appropriately matched with the offender's risks, needs, and strengths and neither more nor less intrusive than necessary to facilitate supervision goals. This is key to providing effective supervision that is individualized, proportional, and purposeful. It is also the essence of "working smart," by devoting the majority of officer time and system resources to the higher risk cases that need them most.

(c)   The supervision process is an ongoing cycle of investigation, assessment, planning, implementation, and evaluation during which the officer is to:

    (1)   engage as early as possible in planning for the transition onto supervision for offenders coming from prison;

    (2)   investigate and assess the supervision issues in the individual case;

(1) under continuous supervision for more than 18 months and in full compliance with all conditions throughout the supervision term or

(2) under continuous supervision for more than 30 months and in full compliance with all conditions throughout the last year.

Exceptions to this rule would be career violent and/or drug offenders as described in 28 U.S.C. § 994(h) and offenders convicted of a sex offense or terrorism predicate as described in 18 U.S.C. § 3583 (j) or (k) for which life terms of supervised release are authorized.

## § 380 The Transition Off Supervision

The transition out of the criminal justice system is a process, not an event. It is the culmination of a series of transitions that began when the offender was first arrested for the crime and is one of the most critical for achieving long-term public safety beyond the term of supervision. Transition off supervision is implemented throughout the supervision period by providing offenders with the tools — and connecting them to the social services — they require to function under decreasing levels of control.

## § 380.10 Early Termination

(a) Under 18 U.S.C. §§ 3564(c) and 3583(e)(1), the court may terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice. (**Note:** Early termination of parole cases is governed by the *U.S. Parole Commission Rules and Procedures Manual*, Nov. 2007, Section 2.43.)

(b) Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

(1) Stable community reintegration (e.g., residence, family, employment);

(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;

(3) No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

   (4) No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

   (5) No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;

   (6) No recent evidence of alcohol or drug abuse;

   (7) No recent psychiatric episodes;

   (8) No identifiable risk to the safety of any identifiable victim; and

   (9) No identifiable risk to public safety based on the Risk Prediction Index.

(c) The existence of an outstanding financial penalty *per se* does not adversely affect early termination eligibility as long as the offender has been paying in accordance with the payment plan.

(d) During the first 18 months of supervision, the appropriateness of early termination should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case. Offenders with identified risks to community safety should not be recommended for early termination. However, the failure to meet other criteria listed should not automatically exclude an offender from further consideration.

(e) At subsequent assessments, there is a presumption in favor of recommending early termination for probationers and supervised releasees:

   (1) Who have been under supervision for at least 18 months and

     (a) are not career violent and/or drug offenders (as described in 28 U.S.C. § 994(h)), sex offenders, or terrorists,

     (B) present no identified risk to the public or victims, and

     (C) are free from any moderate (**see:** Guide, Vol 8E, § 620.40.20) or high (**see:** § 620.40.30) severity violations; and

   (2) Who have been under supervision for at least 42 months and

        (a)    are not career violent and/or drug offenders (as described in 28 U.S.C. § 994(h)), sex offenders, or terrorists, and

        (B)    are free from any moderate (**see:** Guide, Vol 8E, § 620.40.20) or high (**see:** § 620.40.30) severity violations.

(f)    Early termination assessments should be discussed with the supervisor as part of the periodic evaluation process. A request to the court for early termination consideration should include a summary of the offender's adjustment under supervision, along with justification for a request for early termination supported by the chronological record. The request should also include options for the court to revisit the offender's early termination at a later time.

(g)    Should the court order the termination of an offender's supervision, the case should be statistically closed immediately. Otherwise, until the next case evaluation, the case should ordinarily be supervised under low intensity supervision standards (**see:** Guide, Vol 8E, § 440).

## § 380.20 Case Closing Activities

(a)    For cases under active supervision, officers are to undertake the following case closing activities during the last six months of the supervision term.

    (1)    *For offenders who continue to present current risks and needs* (as documented on the last case plan), interview the offender and his or her family or significant others to discuss future plans, particularly as they relate to the need for ongoing services to address risks and needs; and refer the offender to appropriate service providers in the community for assistance with substance abuse or mental health counseling and support, medication, housing, and other basic needs.

    (2)    *For offenders with outstanding monetary penalties*, notify the Financial Litigation Unit of the U.S. attorney's office of the pending termination of supervision for offenders who will have outstanding fine and restitution balances and provide the unit with all available information on offender resources and ability to pay.

    (3)    *For all offenders,*

        (a)    Assess whether the offender is subject to any newly enacted or expanded statutory requirements and, if so, implement or