# Exhibit B

MR. FONG'S MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE



COMMITTEE ON CRIMINAL LAW
of the
JUDICIAL CONFERENCE OF THE UNITED STATES
Gerald R. Ford Federal Building
110 Michigan Street, N.W., Room 602
Grand Rapids, MI 49503

Honorable Paul J. Barbadoro
Honorable Raymond W. Gruender
Honorable Judith C. Herrera
Honorable Ellen Segal Huvelle
Honorable Sterling Johnson, Jr.
Honorable Cindy K. Jorgenson

Honorable Irene M. Kelley
Honorable Theodore A. McKee
Honorable Franklin L. Noel
Honorable Charles R. Norgle, Sr.
Honorable Margaret Casey Rodgers
Honorable Keith Starrett
**Honorable Robert Holmes Bell, Chair**

TELEPHONE
616-456-2021

FACSIMILE
616-456-2538

February 16, 2012

MEMORANDUM

To:   Judges, United States District Courts
      United States Magistrate Judges

From: Honorable Robert Holmes Bell
      Chair, Judicial Conference Committee on Criminal Law

RE:   COST-CONTAINMENT STRATEGIES RELATED TO PROBATION AND
      PRETRIAL SERVICES OFFICES (IMPORTANT INFORMATION)

    I write to you as Chair of the Judicial Conference Committee on Criminal Law. Given the budget constraints under which the probation and pretrial services program are operating, it is imperative that we align our resources effectively to address those cases that are more complex and pose the greatest risks to community safety, while reducing expenditures in less complex and lower risk cases when it is prudent to do so. We ask your assistance in this effort by ordering reduced scope investigations and supervision services in appropriate cases. The attached document provides specific information on reduced services options and the costs associated with them. We encourage you to discuss the document with your colleagues and chief probation and pretrial officers.

    If you have any questions or suggestions for the Criminal Law Committee, please contact John Fitzgerald, Chief of the Criminal Law and Policy Staff, at John_Fitzgerald@ao.uscourts.gov or (202) 502-1625.

Attachment

cc:   Chief Probation Officers
      Chief Pretrial Services Officers

## Presentence Investigation Reports

**Background:** Rule 32(c) states that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its findings on the record." The rule also states, however, that "[i]f the law permits restitution, the probation officer must conduct an investigation and submit a report that contains sufficie .t information for the court to order restitution."

**Cost Savings Options:** Full guideline presentence reports currently cost approximately $1,546 per report. Below are examples of options that require fewer resources, and can help e .pedite sentencing in certain cases.

1. Waiver of the Presentence Report – When the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and when a presentence report is not otherwise required, the court may waive the presentence report. If the presentence report is waived, and the defendant has at least nine months remaining on an imprisonment sentence, the probation office will prepare a Supplemental Report to the Bureau of Prisons (BOP). This abbreviated report assists the BOP in designation and classification deterr iinations. These reports cost approximately $744 per report.

2. Modified Presentence Report – In any case, the court may order the probation officer to prepare a modified presentence investigation report. These reports are designed to give the court flexibility in ordering shorter reports in appropriate cases. For example, these reports could be used in a case involving a single defendant, convicted on a single count of conviction where the defendant has no or few ties to the United States and is not exposed to a lengthy term of imprisonment or supervision (e.g., class A misdemeanors, class E felonies, cases in which the plea agreements contemplate a brief period of imprisonment or no prison at all, deportable aliens). Modified presentence investigation reports may not be suitable if the defendant has a history of violence or sexual offenses, significant ties to the country, identified risks and needs (e.g., current substance abuse or mental health issues), or significant assets, since these issues tend to have greater influence on the sentence imposed, Bureau of Prisons designation and programming, and post-conviction supervision. These reports cost approximately $744 per report.

3. Expedited Sentencing Report – Sometimes referred to as "worksheets," these reports may be ordered when the court waives the preparation of a presentence report and only requires that the probation office calculate the offense level and criminal history score needed to determine the guideline range. These reports do not include a narrative description of the offense or the defendant's personal history. These reports cost approximately $335 per report.

## Early Termination of Supervision

**Background:** Under 18 U.S.C. §§ 3564(c) and 3583(e)(1), the court may terminate terms of probation in misdemeanor cases at any time and terms of supervised release or probation in felony cases after the expiration of one year of supervision if satisfied that such action is warranted by the conduct of an offender and is in the interest of justice.

**Cost Savings Options:** The average annual cost of supervision in fiscal year 2010 was approximately $3,938 per case.[1] Terminating appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism. The general criteria for officers in assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

1. Stable community reintegration (e.g., residence, family, employment);

2. Progressive strides toward supervision objectives and in compliance with all conditions of supervision (the existence of an outstanding financial penalty *per se* does not adversely affect early termination eligibility as long as the offender has been paying in accordance with the payment plan);

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

5. No recent arrests or convictions (including unresolved pending charges) or ongoing, uninterrupted patterns of criminal conduct;

6. No recent evidence of alcohol or drug abuse;

7. No recent psychiatric episodes;

8. No identifiable risk to the safety of any identifiable victim; and

9. No identifiable risk to public safety reflected in the risk assessment.

AO staff examined whether offenders whose supervision was terminated early (ET) had different recidivism rates than similar offenders who were terminated at the full completion of their supervision term (FT). Results indicated that ET cases were arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often. From a policy standpoint, it appears that the above criteria, when properly applied, does not jeopardize public safety.

---

[1] By comparison, the average annual cost of imprisonment in fiscal year 2010 was $28,284 per inmate.